UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



JAMES EDWARD DELANEY,

    Plaintiff,

v.

UNITED PARCEL SERVICE,

    Defendant.
_____/

CIVIL ACTION NO. 07-10522

DISTRICT JUDGE DAVID M. LAWSON

MAGISTRATE JUDGE DONALD A. SCHEER

## OPINION AND ORDER
## TRANSFERRING PLAINTIFF'S CIVIL RIGHTS
## COMPLAINT TO THE WESTERN DISTRICT
## OF MICHIGAN

James Edward Delaney, a resident of the State of Nevada, has filed a Complaint in this district against Defendant pursuant to Title VII of the Civil Rights Act of 1964. The Complaint alleges that he was subjected to race based discrimination in connection with the termination of his employment by the Defendant at its service facility in Benton Harbor/St. Joseph, Michigan. For the reasons stated below, the court will transfer this matter to the United States District Court for the Western District of Michigan for further proceedings.

### I. DISCUSSION

Plaintiff's Complaint reveals that all of the actions by Defendant giving rise to this action took place at the United Parcel Service facility in St. Joseph, Berrien County, Michigan, which is located in the Western District of Michigan. The address provided by Plaintiff for service of process upon the Defendant is also located in St. Joseph.

Venue lies in the judicial district where the Defendant resides or where the claim arose. For the convenience of parties and witnesses, and in the interests of justice, a district court may transfer any civil action to another judicial district or division where the action might have been brought. It is well established that the transfer of venue is a matter with the sound discretion of a district court. Norwood v. Kirkpatrick, 349 U.S. 29, 31-33 (1955). A Motion for Transfer of Venue is not required, and the court may enter an Order *sua sponte*. Carver v. Knox County Tennessee, 887 F.2d 1287, 1291 (6th Cir. 1989).

The factors that guide a district court's discretion in deciding whether to transfer a case include: 1) the convenience of the witnesses; 2) the location of relevant documents and the relative ease of access to sources of proof; 3) the convenience of the parties; 4) the locus of the operative facts; 5) the availability of process to compel the attendance of unwilling witnesses; 6) the relative means of the parties; 7) the forum's familiarity with governing law; 8) the weight accorded the plaintiff's choice of forum; and 9) trial efficiency and interests of justice, based upon the totality of the circumstances. Overland, Inc. v. Taylor, 79 F.Supp. 2nd 809, 811 (E.D. Mich. 2000) (Gadola, J.). Upon review of Plaintiff's Complaint, I am satisfied that factors 1, 2, 3, 4 and 9 militate in favor of the transfer of this action to the Western District of Michigan.

The court concludes that the convenience of the parties and witnesses, as well as the interests of justice, warrant an Order transferring this case to the United States District Court for the Western District of Michigan. The primary factors supporting this determination are that: a) all of the operative facts in the case took place in St. Joseph, Michigan; b) the documents and witnesses necessary to the presentation of the case are

most likely located in the Western District of Michigan; and c) that trial efficiency and the interests of justice will be best served by a trial in the Western District of Michigan.

For all of the above reasons, the court concludes that the transfer of this action to the United States District Court for the Western District of Michigan is proper.

IT IS THEREFORE ORDERED that this action be transferred to the United States District Court for the Western District of Michigan for further proceedings. The Clerk of the Court shall transfer this case to the Clerk of the United States District Court for the Western District of Michigan pursuant to 28 U.S.C. §1404(a).

_____
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: March 5, 2007